IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA RICHBURG, #214 354, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:12-CV-803-TMH |
| ) | [WO] |
| ALABAMA DEPT. OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, is currently incarcerated at the Elmore Correctional Facility located in Elmore, Alabama. He filed this 42 U.S.C. § 1983 on September 14, 2012. The matter is proceeding on the amended and supplemental complaints filed by Plaintiff on October 30, 2012 and November 14, 2012. (*See Doc. Nos. 8, 10*.) Among the named defendants are the Alabama Department of Corrections and the Elmore Correctional Facility. Upon review of the complaint, the court concludes that Plaintiff's claims against these two defendants are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

The Elmore Correctional Facility and the Alabama Department of Corrections are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Elmore Correctional Facility and the Alabama Department of Corrections are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff claims against the Elmore Correctional Facility and the Alabama Department of Corrections be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Elmore Correctional Facility and the Alabama Department of Corrections be DISMISSED as parties to this cause of action; and

3. This case with respect to Plaintiff's claims against the remaining defendants be referred back to the undersigned for further proceedings.

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

It is further

ORDERED that on or before **December 7, 2012** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of November 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE